**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2862
_____

XIU ZHEN NI; JIAN CHENG LIN,
                                        Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A089-203-888 and A098-450-607)
Immigration Judge:  Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2013

Before:  FISHER, GARTH and ROTH, Circuit Judges.
(Opinion filed:  January 31, 2013)
_____

OPINION
_____

PER CURIAM

Lead petitioner Xiu Zhen Ni and her husband, Jian Cheng Lin (hereinafter

collectively referred to as "Petitioners"), petition for review of the Board of Immigration

Appeals' ("BIA") final order of removal issued in their consolidated removal

proceedings.  For the reasons that follow, we will deny the petition.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly here. Petitioners are natives and citizens of the People's Republic of China who entered the United States without proper documentation. They have two United States citizen children – a daughter, born in 2006, and a son, born in 2008. After Petitioners were placed in removal proceedings, they conceded their removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In support of their respective applications, Petitioners claimed that they feared returning to China based on their violation of China's family planning policy. They subsequently amended those applications to add a second claim based on their practice of Falun Gong (a practice that began after they were placed in removal proceedings).

After conducting a merits hearing, at which Ni testified but Lin did not, the Immigration Judge ("IJ") denied their respective applications. In doing so, the IJ found that Ni's testimony was not credible, and that Petitioners had failed to meet their burden of proof for the requested relief. Petitioners then appealed that decision to the BIA.

In June 2012, the BIA dismissed the appeal. With respect to Petitioners' asylum claims, the BIA concluded, inter alia, that (1) the IJ's adverse credibility determination was not clearly erroneous, (2) Petitioners had not established that their subjective fear of future persecution on account of China's family planning policy was objectively reasonable, and (3) even if Ni's testimony were deemed credible, Petitioners had failed to

2

demonstrate a well-founded fear of future persecution based on their practice of Falun Gong. The BIA also ruled that, because Petitioners had not met the standard for asylum, they could not meet the higher standard for withholding of removal. Lastly, the BIA noted that Petitioners had waived any challenge relating to their CAT claims.

Petitioners now seek review of the agency's decision.[1]

II.

We have jurisdiction over the instant petition pursuant to 8 U.S.C. § 1252(a)(1). We review the agency's factual findings, which include its findings as to whether Petitioners have demonstrated a well-founded fear of future persecution, for substantial evidence. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). Under this deferential standard of review, we must uphold those findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Where, as here, an alien seeking asylum does not allege past persecution, she must demonstrate a well-founded fear of future persecution. See Chavarria, 446 F.3d at 516 (citing 8 U.S.C. § 1101(a)(42)(A)). For an alien's fear of future persecution to be well-founded, it "must be both subjectively and objectively reasonable." Dong v. Att'y Gen. of the U.S., 638 F.3d 223, 228 (3d Cir. 2011). "To establish objective reasonableness, petitioners must show that a reasonable person in the alien's circumstances would fear

---

[1] We note that Petitioners do not contest the BIA's waiver finding or otherwise present a challenge to the agency's resolution of their CAT claims. Accordingly, the scope of our review is limited to the agency's denial of Petitioners' claims for asylum and withholding of removal. See Voci v. Gonzales, 409 F.3d 607, 610 n.1 (3d Cir. 2005).

3

persecution if returned to [the country in question]." Chen v. Att'y Gen. of the U.S., 676 F.3d 112, 115 (3d Cir. 2011) (internal quotation marks and citation omitted). "Persecution" includes "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom," but "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993).

Here, for substantially the reasons set forth in the BIA's thorough and cogent decision, a reasonable adjudicator would not be compelled to disturb the BIA's conclusion that Petitioners failed to establish that their subjective fear of future persecution on account of China's family planning policy was objectively reasonable. Furthermore, Petitioners have not highlighted any record evidence that would compel a reasonable adjudicator to disturb the BIA's conclusion that they failed to demonstrate a well-founded fear of future persecution based on their practice of Falun Gong. Accordingly, Petitioners' challenge to the denial of their asylum claims fails,[2] and they necessarily cannot meet the higher standard for withholding of removal. See Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003).

In light of the above, we will deny the petition for review.

---

[2] Because the aforementioned BIA rulings did not hinge on the agency's adverse credibility determination, we need not address Petitioners' challenge to that credibility determination.

4